# EXHIBIT 3

# EXHIBIT 3

10

Electronically Filed by Superior Court of California, County of Orange, 12/18/2020 02:35:12 PM.
30-2020-01175515-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

1  Stephen D. Weisskopf (SBN 213596)
   sweisskopf@levatolaw.com
2  Terry J. Kent (SBN 248098)
   tkent@levatolaw.com
3  LEVATOLAW, LLP
   2029 Century Park East, Suite 420
4  Los Angeles, California 90067
   Telephone: (310) 734-2027
5
   Attorneys for Plaintiff
6  FITNESS INTERNATIONAL, LLC

7

8
               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                          **COUNTY OF ORANGE**
10

11  FITNESS INTERNATIONAL, LLC,          Case No. 30-2020-01175515-CU-BC-CJC
    a California limited liability
12  company,                             **COMPLAINT FOR:**

13              Plaintiff,                1. **BREACH OF WRITTEN**
                                             **CONTRACT**
14        vs.                            2. **COMMON COUNT – MONEY**
                                             **HAD AND RECEIVED**
15  DDRM HILL TOP PLAZA L.P., a          3. **COMMON COUNT – MONEY**
    Delaware limited partnership; DOES      **PAID BY MISTAKE**
16  1 through 10, inclusive,             4. **DECLARATORY RELIEF**

17              Defendants
                                         **DEMAND FOR JURY TRIAL**
18
                                         Assigned for All Purposes
19                                       Judge Derek W. Hunt

20

21        Plaintiff, Fitness International, LLC for its Complaint alleges against

22  Defendant, DDRM Hilltop Plaza L.P., as follows:

23                          **INTRODUCTION**

24        1.    The government-mandated stay-at-home orders and non-essential

25  business closures in connection with the 2019 Novel Coronavirus Disease

26  ("COVID-19") pandemic have had an unanticipated and catastrophic impact on

27  the economy, the full extent of which remains unknown.

28        2.    Plaintiff Fitness International, LLC ("Plaintiff" or "Tenant"), a

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

1  nationwide operator of health clubs and fitness centers, including in

2  California, is among the many businesses that have been materially and

3  negatively impacted by the government-mandated closures due to COVID-19.

4  Indeed, due to the nature of COVID-19 and the perceived  manner in which it

5  is spread, health clubs and fitness centers were included in the first closure

6  orders in California and have been among the last permitted to reopen under

7  phased reopening orders, subject to specific guidelines and restrictions.  All

8  indoor clubs in California remain closed due to the government-mandated

9  closures.

10      3.    Plaintiff leases premises for the operation of its health club and

11  fitness center located in Richmond, California, from Defendant DDRM Hilltop

12  Plaza L.P.

13      4.    As set forth below, Plaintiff is prohibited from using the

14  Richmond, California premises as a result of certain closure orders by state

15  and government officials due to COVID-19, and Defendant's own breach of the

16  parties' lease.

17      5.    During the periods of the government-mandated closures, the

18  essential purpose of the parties' lease is frustrated, and Plaintiff does not

19  receive the benefit of its bargain.  Plaintiff's performance is rendered

20  temporarily impossible and impracticable because Tenant is prohibited from

21  using the Premises and Tenant did not generate any revenue from the

22  Premises, as membership dues/fees/monetary payments were frozen.   Tenant

23  has dutifully and consistently paid over Forty Million Dollars ($40,000,000) in

24  Rent to landlord and its affiliates under various leases dating back to 2001, as

25  part of a once cooperative and fruitful relationship with its landlord.

26  Nevertheless, and in contravention of the lease and the legal principles

27  applicable to the circumstances, Defendant demands Plaintiff pay full rent.

28      6.    Plaintiff thus brings this claim for breach of written contract and

2

COMPLAINT

1    equitable claims.  Plaintiff also seeks a declaration as to its rights under the

2    lease, either based upon the lease or based upon applicable law as applied to

3    the facts.

**PARTIES**

5    7.    Plaintiff, Fitness International, LLC, is a California limited

6    liability company, with its principal place of business in Irvine, California.

7    8.    Defendant DDRM Hilltop Plaza L.P., is a Delaware limited

8    partnership, and is the owner of the real property and building improvements

9    thereon located at 4100 Klose Way, Richmond, California 94806 (the

10   "Premises").  It's principal place of business is Beechwood, Ohio.

11   9.    The true names and capacities, whether individual, corporate,

12   associate, or otherwise, of defendants Does 1 through 10, inclusive, are

13   unknown to Plaintiff who therefore sues such defendants by such fictitious

14   names.  Plaintiff will seek to amend this Complaint to show their true names

15   and capacitates when the same has been ascertained.  Defendant DDRM

16   Hilltop Plaza L.P. and Does 1 through 10, inclusive, are collectively referred to

17   as "Defendant" or "Landlord."

**JURISDICTION AND VENUE**

19   10.   This Court has jurisdiction over this case and the subject matter of

20   this case, under California Constitution Article VI, section 10, because this

21   case is a cause not given by statute to other trial courts.

22   11.   This court has jurisdiction over all causes of action asserted in this

23   Complaint pursuant Code of Civil Procedure section 410.10 because the acts

24   and omissions alleged herein were committed in the State of California and

25   because this is a civil action wherein the matter in controversy, exclusive of

26   interest, exceeds $25,000.00.

27   12.   Venue is proper in this court under Code of Civil Procedure section

28   395 and 395.5 because a substantial part of the conduct, events, and omissions

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

1 │ giving rise to the violations of law giving rise to this lawsuit occurred in the
2 │ County of Orange, California.

3 │ ### GENERAL ALLEGATIONS

4 │ The Parties' Lease

5 │ 13.   Plaintiff Fitness International, LLC, as tenant, and defendant
6 │ DDRM Hilltop Plaza L.P., as landlord, are parties to that certain Retail Lease
7 │ dated as of June 9, 2017 (the "Lease") for the Premises.

8 │ 14.   Pursuant to the Lease, Tenant leased the Premises for the
9 │ operation of a health club and fitness facility.  *Lease, §1.9.*

10 │ 15.   In consideration for Tenant entering into the Lease and as an
11 │ inducement for Tenant to lease the Premises, Landlord made representations,
12 │ warranties and covenants in the Lease and Landlord expressly acknowledged
13 │ that (i) each such representation, warranty and covenant is material to Tenant
14 │ and is being relied upon by Tenant in entering into the Lease and (ii) each
15 │ such representation, warranty and covenant shall survive the execution and
16 │ delivery of the Lease by Tenant and Landlord.  *Lease, §2.2.*

17 │ 16.   In the Lease, Landlord represented, agreed, and covenanted that
18 │ Tenant would have exclusive control and use of the Premises.  *Lease, §1.9, 2.1,*
19 │ *2.2.*

20 │ 17.   In the Lease, Landlord represented, agreed, and covenanted to
21 │ Tenant that the Premises which it pledged to demise and deliver to Tenant
22 │ were free and clear of conditions and restrictions which might in any manner
23 │ or to any extent prevent or adversely affect the use of the Premises.  *Lease,*
24 │ *§2.2.*

25 │ 18.   In the Lease, Landlord represented, agreed, and covenanted that
26 │ Tenant shall have, throughout the entire term of the Lease, peaceful and quiet
27 │ possession and enjoyment of the Premises.  *Lease, §2.2.*

28 │ 19.   In the Lease, Landlord represented, agreed, and covenanted that

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

1   Tenant shall quietly enjoy the Premises for the entire term of the Lease

2   without any hindrance or interruption. *Lease, §22.1.*

3       20.     Pursuant to the Lease, among other things, in consideration and

4   exchange for Landlord's delivery of the Premises to Tenant, Tenant's use of the

5   Premises and Tenant's peaceful and quiet possession and enjoyment of the

6   Premises, Tenant is to pay base monthly rent in equal monthly installments

7   and its share of common area expenses, taxes and insurance (collectively, the

8   "Rent"). *Lease, Article 5.*

9       21.     Pursuant to the Lease, if either party is delayed or hindered in or

10  prevented from the performance of any act required under the Lease because

11  of lockouts, inability to procure labor, restrictive laws, other casualty or other

12  reason of a similar or dissimilar nature beyond the reasonable control of the

13  party delayed (a "Force Majeure Event"), performance of such act shall be

14  excused for the period of delay caused by the Force Majeure Event. *Lease,*

15  *§22.3.*

16      22.     The Lease is construed in accordance with the laws of the State of

17  California. *Lease, §22.14.*

18  The 2019 Novel Coronavirus Disease And Its Effect

19      23.     On March 11, 2020, the World Health Organization declared the

20  2019 Novel Coronavirus Disease ("COVID-19") to be a global pandemic (the

21  "COVID-19 Pandemic"). A week earlier, on March 4, 2020, California Governor

22  Gavin Newsom proclaimed a State of Emergency because of the threat of

23  COVID-19.

24      24.     On March 12, 2020, California Governor Gavin Newsom issued a

25  statewide directive known as the Safer at Home order: "All residents are to

26  heed any orders and guidance of state and local public health officials,

27  including but not limited to the imposition of social distancing measures, to

28  control the spread of COVID-19."

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

25.     On March 13, 2020, President Trump issued a Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak.

26.     The federal government's National Emergency Declaration was followed on March 19, 2020, by Governor Gavin Newsom's issuance of Executive Order N-33-20, directing that all individuals in California follow the State Public Health Officer's Stay-at-Home order requiring all residents to stay at home, with certain exceptions, and directing all non-essential businesses, including gyms and fitness centers, to immediately cease operating to prevent further spread of COVID-19.

27.     Tenant ceased operating its business due to such government mandated orders on March 17, 2020.  Pursuant to government phased re-opening orders, Tenant was briefly permitted to re-open its business from the Premises from September 30, 2020 until November 16, 2020 (at between 10% and 20% occupancy), but since that time has again been prohibited from operating its business from the Premises as a result of additional government-mandated closure orders.

28.     Although Plaintiff was briefly permitted to once again operate its business from the premises, the government-imposed material restrictions on Plaintiff's use and occupancy of the Premises during such time.

29.     The government-mandated closure orders for gyms and fitness centers remain in effect for the Richmond location as of the filing of this action.

Landlord's Actions In Reaction To The COVID-19 Pandemic And Closures

30.     For separate periods, from (a) March 17, 2020 to September 29, 2020 and (b) November 17, 2020 to the present, Tenant has been prohibited from using the Premises due to the government-mandated closure orders (the periods of closure are referred to herein as the "Closure Periods").  But for the brief seven-week period, Tenant has been prohibited from operating its

1  business from the Premises for nearly nine (9) months.

2      31.    Although Tenant was briefly permitted to re-open its business

3  from the Premises during the periods of September 30, 2020 to November 16,

4  2020, the government imposed many restrictions on Tenant's operations,

5  including, without limitation, a cap on occupancy of between ten percent (10%)

6  and twenty-five percent (24%) at all times of operation during the September

7  30, 2020 to November 16, 2020 period and Tenant anticipates the cap on

8  occupancy being ten percent (10%) when Tenant is permitted to re-open, as

9  has been the case in other counties in California (the "On-Going Restrictions").

10      32.    State and local government officials, including the County of

11  Contra Costa Department of Public Health, have indicated that when Tenant

12  is again permitted to operate its business from the Premises, it will be subject

13  to the On-Going Restrictions.

14      33.    The government-mandated closures resulting from the COVID-19

15  Pandemic are completely unanticipated events, completely out of the control of

16  Tenant, and catastrophic in result.

17      34.    Pursuant to the Lease, if either party is delayed or hindered in or

18  prevented from the performance of any act required under the Lease because

19  of lockouts, inability to procure labor, restrictive laws, other casualty or other

20  reason of a similar or dissimilar nature beyond the reasonable control of the

21  party delayed (a "Force Majeure Event"), performance of such act shall be

22  excused for the period of delay caused by the Force Majeure Event.  During the

23  Closure Periods, the Force Majeure Event of the government orders prevented

24  Tenant from operating its business from the Premises and Tenant timely

25  placed Landlord on notice of such a Force Majeure Event.  While the provision

26  further states that delays or failures to perform which can be cured by the

27  payment of money shall not be Force Majeure Events, the cause of the delay,

28  hindrance or prevention at issue here, however, could not be cured by the

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

7
COMPLAINT

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

1  payment of money, as there is no amount of money that could have been paid
2  to eliminate the Force Majeure Event.  Even if Tenant had paid Rent during
3  the government-mandated closures, the underlying problem would not have
4  been solved— the government mandated closures would still prohibit Tenant
5  from operating its business from the Premises.  *Lease, §22.3.*

6      35.    By operation of California law, specifically California Civil Code
7  §1511(1), the performance of an obligation, or any delay in performance is
8  excused when the performance or delay is prevented by operation of law.  The
9  government-mandated closures qualify as an operation of law under California
10  Civil Code §1511(1), excusing Tenant from performance.

11      36.    Tenant's obligations under the Lease, including the payment of
12  Rent, during the Closure Periods are legally excused and Tenant is entitled to
13  proportionately abate Rent during the period of time Tenant's operations are
14  subject to the On-Going Restrictions, by virtue and application of California
15  Civil Code §1511(1).

16      37.    The essential purpose of the Lease and, in turn, the totality of the
17  bargain that Tenant is to receive under and through the Lease, is to allow
18  Tenant to use the Premises to operate a full-service health club and fitness
19  center for Tenant's members and invitees.  As Tenant has been prohibited
20  from using the Premises by the government mandates, the purpose of the
21  Lease is frustrated.

22      38.    During the Closure Periods, Tenant is prohibited from using the
23  Premises, rendering performance under the Lease temporarily impossible.

24      39.    During the Closure Periods, performance under the Lease is
25  impracticable because Tenant is prohibited from using the Premises and
26  Tenant did not generate any revenue from the Premises, as membership dues,
27  fees, and/or monetary payments were frozen.

28      40.    As represented and warranted to Tenant by Landlord in the Lease,

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

Tenant is to have, at all times, full, quiet and peaceful possession and enjoyment of the Premises.  During the Closure Periods, Tenant did not have full, quiet and peaceful possession and enjoyment of the Premises as covenanted and warranted by Landlord.  As a result, Landlord breached its covenants and warranties and therefore breached the Lease, thereby excusing any obligation to pay Rent.

41.     During the Closure Periods, Landlord did not deliver the Premises to Tenant for its use and enjoyment and Tenant was not legally permitted to operate its business from the Premises.

42.     Landlord's compliance with its representations, warranties and covenants in the Lease is a condition precedent to Tenant's obligation to pay Rent.

43.     Landlord's delivery of use and enjoyment of the Premises to Tenant to enable it to be open for business and conduct its business at the Premises is a condition precedent to Tenant's obligation to pay Rent.

44.     Tenant's ability to use the Premises and operate its business from the Premises is a condition precedent to its obligation to pay Rent.

45.     As the Lease is an installment agreement, Landlord's obligation to deliver the use and enjoyment of the Premises was constant, consistent, repetitive, and repeatable each and every month of the Lease.

46.     During the Closure Periods, Tenant did not generate any revenue as it has not collected any dues/fees/monetary payments from its members.

47.     To date, the government-mandated closures due to the COVID-19 Pandemic led to the filing for protection under the U.S. Bankruptcy Code by at least five other national gym and fitness centers, Gold's Gym International, Inc., 24 Hour Fitness Worldwide, Inc., Town Sports International, YouFit Health Clubs, LLC and In-Shape Holdings, LLC (including its subsidiaries, In-Shape Health Clubs and In-Shape Personal Training) because, upon

1  information and belief, the essential purpose of their various leases has been

2  frustrated and/or circumstances have made it temporarily impossible and/or

3  impracticable to operate its business from the premises and to generate

4  revenue under the closures and on-going restrictions enacted by various

5  governmental entities.

6      48.    Although Tenant placed Landlord on notice that Tenant's

7  obligation to pay Rent during the Closure Periods was excused and/or abated,

8  equitably or otherwise due to the government-mandated closures resulting

9  from COVID-19, and offered an extension of the lease term in proportion to the

10  length of the government mandated closures, Landlord demanded that Tenant

11  continue to meet all of its obligations under the Lease, including the payment

12  of rent (the "Demand").

13      49.    Tenant paid Rent in March 2020.  As a result of the closures,

14  Tenant is entitled to a credit, in the amount of $38,607.58, for Rent it paid for

15  the period of March 17 through March 31, 2020 when it was not permitted to

16  use the Premises.

17      50.    Tenant paid rent for October 2020 in the amount of $79,789.00 as

18  Tenant was permitted to operate its business as of October 1st.  Because

19  Tenant was permitted only to operate at 10% capacity until October 27th and

20  then at 25% until October 31st, the Rent owed for October is 10% of the

21  monthly amount of $79,789.00 (i.e., $7,978.90) from October 1st  through

22  October 27th  (for an amount due of $6,949.36 for the period October 1 through

23  October 27)  and 25% of the monthly amount of $79,789.00 (i.e., $19,947.25)

24  from October 28th through October 31st (for an amount due of $2,573.84 for the

25  period October 28 through October 31).

26      51.    Thus, the amount owed by Tenant for October is $9,523.20.  As

27  Tenant paid $79,789.00 for October 2020, Tenant is due reimbursement in the

28  amount of $70,265.80 for the month of October 2020 (i.e., the $79,789.00 paid

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

1  by Tenant, less the $9,523.20 Tenant should have paid).

2  52.   Tenant paid Rent for November 2020 in the total amount of

3  $79,789.00 as Tenant was permitted to operate its business as of November 1st,

4  but was not permitted to operate from the Premises after November 16.

5  Because Tenant was permitted only to operate at 25% capacity from November

6  1st until November 10th, the Rent owed for this period of time is 25% of the

7  monthly amount of $79,789.00 (i.e., $19,947.25) (for an amount due of

8  $6,649.08 for the period November 1 through November 10).   Because Tenant

9  was permitted only to operate at 10% capacity from November 11th until

10  November 16th, the Rent owed for this period of time is 10% of the monthly

11  amount of $79,789.00 (i.e., $7,978.90) (for an amount due of $1,595.78 for the

12  period November 11 through November 16).   As Tenant paid $79,789.00 for

13  November 2020, Tenant is due the amount of $71,544.14 for the month of

14  November 2020 (i.e., the $79,789.00 paid by Tenant, less the $8,244.86 Tenant

15  should have paid).

16  53.   Accordingly, as described in paragraphs 49 through 52, for the

17  Closure Periods from March 17 through November 30, 2020, Tenant is due the

18  amount of $180,417.52 from Landlord.

19  54.   Tenant is excused from paying and/or permitted to abate Rent due

20  during the Closure Periods, and also is permitted to proportionately abate

21  Rent during any time period in which Tenant's operations are subject to the

22  On-Going Restrictions.

23  55.   An indicia of the parties' meeting of the minds concerning their

24  intent to excuse Tenant from paying Rent and/or to allow Tenant to abate Rent

25  when Tenant is unable to use the Premises is evidenced by Article XV of the

26  Lease which provides that if Tenant's business is materially and adversely

27  interfered with as a result of any casualty and the Lease is not terminated,

28  Tenant's obligation to pay Rent is abated from the date of the casualty and

1   does not resume until the date on which Tenant resumes use of the Premises.
2   *See Lease, §15.4.*

3       56.     Further indicia of the parties' meeting of the minds that when
4   Tenant is unable to use the Premises it does not have to pay Rent is evidenced
5   by Article XVI of the Lease which provides that if all or any portion of the
6   Premises is taken and the Lease does not terminate, Tenant's obligations for
7   Rent and any other amounts owing from Tenant to Landlord under the Lease
8   shall be equitably abated following the taking based upon the extent of the
9   interference with the operation of Tenant's business from the Premises.  *See*
10  *Lease, §16.1.*

11      57.     In issuing the Demand and refusing to comply with the provisions
12  in the Lease concerning Tenant's use of the Premises and the full quiet
13  enjoyment and possession of the Premises, Landlord breached the Lease and
14  otherwise failed to engage in the good faith and fair dealing conduct that
15  Landlord must employ in dealing with Tenant, its contracting counterpart.

16      58.     In failing to (a) deliver the use and enjoyment of the Premises as a
17  health club and fitness center, (b) allow Tenant full, quiet and peaceful
18  possession and enjoyment of the Premises, (c) provide a credit to Tenant for
19  Rent paid during the Closure Periods, (d) excuse Tenant from payment of Rent
20  during the Closure Periods, and (e) proportionately abate Rent during the time
21  period in which Tenant's operations are subject to the On-Going Restrictions,
22  Landlord has breached the Lease.

23      59.     In issuing the Demand and refusing to comply with the provisions
24  in the Lease, Tenant was denied the rental credits to which it was entitled and
25  has had to incur costs and expenses, including attorneys' fees, in responding to
26  the Demand and the improper, unfounded,  inequitable, and draconian
27  positions taken by Landlord.

28      60.     Plaintiff reserves the right to plead further orally upon trial of this

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

matter.

## **FIRST CAUSE OF ACTION**

### **(Breach of Written Contract as against all Defendants)**

Breach of the Lease – Breach of Landlord's Representations, Warranties, and Covenants

61.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

62.   The Lease constitutes a valid and enforceable contract between Plaintiff and Defendant.

63.   Landlord is in breach of the representations, warranties and covenants by Landlord to Tenant in the Lease, including those that provide (a) Tenant shall have the right throughout the term of the Lease to use the Premises, or any portion thereof, and operate its business from the Premises, (b) Tenant shall have exclusive use and control of the Premises, (c) Tenant shall have and hold, throughout the entire term of the Lease, peaceful and quiet possession and enjoyment of the Premises, and (d) Tenant's use of the Premises shall be free and clear of any conditions or restrictions which might in any manner or to any extent prevent or adversely affect the use of the Premises by Tenant.

64.   Despite notice of its breach of the Lease, Defendant has failed to cure its breach of the Lease.

65.   Plaintiff has fulfilled any and all conditions precedent to commencing this action against Defendant.

66.   As a direct and proximate result of Defendant's breaches of the Lease, Plaintiff has incurred, and will continue to incur, injury and damages in the principal amount of $180,417.52  through the date of this filing.

67.   Pursuant to the Lease, Plaintiff is entitled to its costs and reasonable attorneys' fees related to Defendant's breaches of the Lease.  *Lease,*

Levato Law, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

*§22.7.*

68.    In addition, pursuant to the Lease, Plaintiff is entitled to interest on the  amounts due and owing from Defendant at the per annum rate of interest equal to the lesser of (1) three percent (3%) over the then most recent prime or reference rate of interest being charged by Bank of America N.A. or (2) the maximum rate permitted by applicable law.  *See Lease, §1.13.*

Breach of the Lease-Failure to Provide Credit

69.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

70.    Defendant is in breach of the Lease for failing to provide a credit to Tenant for Rent paid during the Closure Periods.

71.    Despite notice of its breach of the Lease, Defendant has failed to cure its breach of the Lease.

72.    Plaintiff has fulfilled any and all conditions precedent to commencing this action against Defendant.

73.    Plaintiff has made requests to Defendant to allow it a credit for March Rent it paid during the Closure Periods in accordance with the Lease including, without limitation, due to the Force Majeure Event, and California law, including, without limitation, California Civil Code, §1511(1), and under the circumstances, but Defendant has refused to allow the credit.

74.    As a direct and proximate result of Defendant's failure to allow Plaintiff a credit for Rent paid during the Closure Periods and during the period of time the On-Going Restrictions are in place, in breach of the Lease, Plaintiff has been damaged in the principal amount of $180,417.52 through the date of this filing.

75.    Pursuant to the Lease, Plaintiff is entitled to its costs and reasonable attorneys' fees related to Defendant's breaches of the Lease.  *Lease, §22.7.*

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

76.     In addition, pursuant to the Lease, Plaintiff is entitled to interest on the  amounts due and owing from Defendant for the unapplied credits at the per annum rate of interest equal to the lesser of (1) three percent (3%) over the then most recent prime or reference rate of interest being charged by Bank of America N.A. or (2) the maximum rate permitted by applicable law.  *See Lease, §1.13.*

Breach of the Lease-Failure to Abate Rent

77.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

78.     Defendant is in breach of the Lease for demanding Rent and late fees during the Closure Periods, and not proportionately abating Rent during the time period the On-Going Restrictions are in effect.

79.     Despite notice of its breach of the Lease, Defendant has failed to cure its breach of the Lease.

80.     Plaintiff has fulfilled any and all conditions precedent to commencing this action against Defendant.

81.     Plaintiff has made repeated requests to Defendant to excuse its obligation to pay Rent during the Closure Periods in accordance with the Lease including, without limitation, due to the Force Majeure Event, and California law, including, without limitation, California Civil Code, §1511(1), and under the circumstances, but Defendant has refused to excuse Tenant from payment of Rent during the Closure Periods.

82.     As a direct and proximate result of Defendant's failure to (i) excuse payment of Rent during the Closure Periods,  and (ii) proportionately abate Rent during the time period the On-Going Restrictions are in place, and Defendant's breaches of the Lease, Plaintiff has incurred, and will continue to incur, injury and damages in the principal amount of $180,417.52 through the date of this filing.

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

83.     Pursuant to the Lease, Plaintiff is entitled to its costs and reasonable attorneys' fees related to Defendant's breaches of the Lease. *Lease, §22.7.*

84.     In addition, pursuant to the Lease, Plaintiff is entitled to interest on the  amounts due and owing from Defendant for the unapplied credits at the per annum rate of interest equal to the lesser of (1) three percent (3%) over the then most recent prime or reference rate of interest being charged by Bank of America N.A. or (2) the maximum rate permitted by applicable law. *See Lease, §1.13.*

## SECOND CAUSE OF ACTION

### (Common Count – Monies Had and Received As Against All Defendants)

85.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

86.     Prior to the filing of this action, Defendant became indebted to Plaintiff for money had and received by Defendant for the use of Plaintiff.

87.     In improperly charging and receiving Rent during the Closure Periods, in refusing to provide a credit to Plaintiff for Rent paid during the Closure Periods, and in refusing to prorate Rent during the time period of the On-Going Restrictions, Defendant received money that belongs to Plaintiff.

88.     No part of this amount has been paid, though demand for payment in full has been made and there is now due, owing, and unpaid from Defendant the amount of at least $180,417.52, together with interest, attorneys' fees, and costs of suit.

## THIRD CAUSE OF ACTION

### (Common Count – Monies Paid by Mistake As Against All Defendants)

89.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

90. No Rent was due and owing during the Closure Periods.

91. During the time period of the On-Going Restrictions, only Rent in proportion to the cap on occupancy Tenant is legally permitted to have is due and owing.

92. Notwithstanding its knowledge that in accordance with the Lease and California law, including, without limitation, California Civil Code, §1511(1), and under the circumstances, no Rent is due and owing during the Closure Periods and that Rent is to be proportionately abated during the time period of the On-Going Restrictions, Defendant continued to charge Plaintiff Rent in full.

93. Plaintiff has paid Rent for a portion of the Closure Periods in full.

94. Defendant did not have a right to charge Plaintiff the amount of Rent it charged and that Plaintiff paid.

95. Defendant has been overpaid Rent in the amount of at least $180,417.52.

96. Plaintiff has demanded payment from Defendant.

97. No payment has been made by Defendant to Plaintiff, and there is now owing a sum no less than $180,417.52, together with interest, attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief As Against All Defendants)

98. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

99. Plaintiff and Defendant are interested in the terms of the Lease.

100. A justiciable controversy exists with respect to whether Plaintiff is obligated to pay Rent during the Closure Periods.

101. A justiciable controversy exists with respect to whether Plaintiff's performance under the Lease is excused during the Closure Periods due to the

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

17
COMPLAINT

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

1  Force Majeure Event of the government-mandated closures.

2      102.   A justiciable controversy exists with respect to whether Plaintiff's

3  performance under the Lease is excused during the Closure Periods under

4  operation of California law, including, without limitation, California Civil

5  Code §1511(1).

6      103.   A justiciable controversy exists with respect to whether the intent

7  and purpose of the Lease has been frustrated during the Closure Periods.

8      104.   A justiciable controversy exists with respect to whether the

9  performance of the Lease was impracticable during the Closure Periods.

10      105.   A justiciable controversy exists with respect to whether the

11  performance of the Lease was temporarily impossible during the Closure

12  Periods.

13      106.   A justiciable controversy exists with respect to whether Defendant

14  is required to return to Plaintiff all monies paid by Plaintiff to Defendant

15  during the Closure Periods.

16      107.   A justiciable controversy exists with respect to whether Rent

17  during the period of time Tenant is subject to the On-Going Restrictions is

18  proportionately abated (*e.g.*, if 10% capacity, Rent is reduced to 10%, which is

19  ($7,978.90/month).

20      108.   Accordingly, Plaintiff seeks a declaratory judgment that:

21          (a)   Plaintiff has no obligation to pay Rent to Defendant during

22  the Closure Periods;

23          (b)   Defendant is required to excuse Plaintiff's performance

24  under the Lease during the Closure Periods due to the Force Majeure

25  Event of the government-mandated closures;

26          (c)   Defendant is required to excuse Plaintiff's performance

27  under the Lease during the Closure Periods by operation of California

28  law, including, without limitation, California Civil Code §1511(1);

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

(d)      Defendant is required to excuse Plaintiff's performance under the Lease because the parties' intent and purpose in entering the Lease is frustrated during the Closure Periods;

(e)      Defendant is required to excuse Plaintiff's performance under the Lease because performance was impracticable during the Closure Periods;

(f)      Defendant is required to excuse Plaintiff's performance under the Lease because performance was temporarily impossible during the Closure Periods;

(g)      Defendant is required to return to Plaintiff all monies paid by Plaintiff to Defendant during the Closure Periods;

(h)      Rent during the period of time Tenant is subject to the On-Going Restrictions is proportionately abated (*e.g.*, if 10% capacity, Rent is reduced to 10%);

(i)      The length of the term at the current rate is extended by the length of the Closure Period;

(j)      Plaintiff may recover its costs and reasonable attorneys' fees;

(k)      Plaintiff may recover interest at the rate set forth in the Lease; and

(l)      Plaintiff may recover such other relief deemed just and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Fitness International, LLC, prays for entry of judgment in its favor and against Defendants as follows:

On the First Cause of Action for Breach of Written Contract:

(a)      Damages in an amount to be determined at trial, but at least $180,417.52, plus interest;

(b)      Lost profits;

(c) Plaintiff's attorney's fees, costs and disbursements incurred herein; and

(d) Such other relief deemed just and reasonable.

On the Second Cause of Action for Common Count – Money Had And Received

(a) Damages in an amount to be determined at trial, but at least $180,417.52, plus interest;

(b) Plaintiff's attorney's fees, costs and disbursements incurred herein; and

(c) Such other relief deemed just and reasonable.

On the Third Cause of Action for Common Count – Money Paid By Mistake

(a) Damages in an amount to be determined at trial, but at least $180,417.52, plus interest;

(b) Plaintiff's attorney's fees, costs and disbursements incurred herein; and

(c) Such other relief deemed just and reasonable.

On the Fourth Cause of Action for Common Count – Declaratory Relief

(a) Damages in an amount to be determined at trial, but at least $180,417.52, plus interest;

(b) Plaintiff's attorney's fees, costs and disbursements incurred herein; and

(c) Such other relief deemed just and reasonable.

Plaintiff also seeks a judicial declaration that:

(d) Plaintiff has no obligation to pay Rent to Defendant during the Closure Periods;

(e) Defendant is required to excuse Plaintiff's performance under the Lease during the Closure Periods due to the Force Majeure Event of the government-mandated closures;

(f) Defendant is required to excuse Plaintiff's performance under the

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA 90067
310-734-2027

20
COMPLAINT

1   Lease during the Closure Periods by operation of California law, including

2   California Civil Code §1511(1);

3       (g)    Defendant is required to excuse Plaintiff's performance under the

4   Lease because the parties' intent and purpose in entering the Lease is

5   frustrated during the Closure Periods;

6       (h)    Defendant is required to excuse Plaintiff's performance under the

7   Lease because performance was impracticable during the Closure Periods;

8       (i)    Defendant is required to excuse Plaintiff's performance under the

9   Lease because performance was temporarily impossible  during the Closure

10  Periods;

11      (j)    Defendant is required to return to Plaintiff all monies paid by

12  Plaintiff to Defendant during the Closure Periods;

13      (k)    Rent during the period of time Tenant is subject to the On-Going

14  Restrictions is proportionately abated (e.g., if 10% capacity, Rent is reduced to

15  10%);

16      (l)    The length of the current term at the current rental rate is

17  extended by the length of the Closure Period;

18      (m)    Plaintiff may recover its costs and reasonable attorneys' fees;

19      (n)    Plaintiff may recover interest at the rate set forth in the Lease;

20      (o)    To the extent the Court determines Defendant is owed any portion

21  of Rent, Plaintiff be given time to perform; and

22      (p)    Plaintiff may recover such other relief deemed just and reasonable.

23  Date:  December 18, 2020          LEVATOLAW, LLP

24

25                                   /s/  Stephen D. Weisskopf
                                     _____
26                                   Stephen D. Weisskopf
                                     Attorneys for Plaintiff
27                                   FITNESS INTERNATIONAL, LLC

28

LevatoLaw, LLP
2029 Century Park East, Suite 420
Los Angeles, CA  90067
310-734-2027

21
COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a trial by jury for all issues triable by jury in

3    the above-entitled action.

4

5    Date:  December 18, 2020                    LEVATOLAW, LLP

6
                                                 /s/  Stephen D. Weisskopf
7    ───────────────────────────────────────────────────────────
                                                 Stephen D. Weisskopf
8                                                Attorneys for Plaintiff
                                                 FITNESS INTERNATIONAL, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1