JS-5

```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                               2/25/2021

                        CENTRAL DISTRICT OF CALIFORNIA
                        BY: ____CW____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

FITNESS INTERNATIONAL, LLC,　　　　) 　Case No.: SACV 21-00142-CJC(ADSx)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　)　**AMENDED ORDER GRANTING**
　　　　　　　　　　　　　　　　　　)　**DEFENDANT'S MOTION TO**
DDRM HILL TOP PLAZA L.P., AND　　)　**DISMISS PLAINTIFF'S CLAIMS**
DOES 1–10　　　　　　　　　　　　　)　**[Dkt. 14]**
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

## I. INTRODUCTION

　　　Plaintiff Fitness International, LLC brings this action against Defendant DDRM Hill Top Plaza L.P. and unnamed Does, alleging, among other things, that Defendant has unlawfully failed to refund Plaintiff's rent payments.  (Dkt. 1 Ex. 3 [Complaint, hereinafter "Compl."].)  Now before the Court is Defendant's motion to dismiss

Plaintiff's complaint.  (Dkt. 14 [hereinafter "Mot."].)  For the following reasons, Defendant's motion is **GRANTED**.[1]

## II.  BACKGROUND

Plaintiff operates fitness centers across the United States, including one located in Richmond, California.  (Compl. ¶¶ 2–3.)  Plaintiff leases the premises of its Richmond fitness center from Defendant pursuant to a lease agreement (the "Lease") signed on June 9, 2017.  (*Id.* ¶ 13; Dkt. 13-1 [hereinafter, "Lease"].)[2]

Plaintiff alleges that since March 2020, government closure orders due to the COVID-19 pandemic have prohibited Plaintiff from operating its Richmond fitness center at full capacity.  Specifically, on March 19, 2020, California Governor Gavin Newsom issued a stay-at-home order directing all non-essential businesses, including gyms and fitness centers, to immediately cease operations.  (*Id.* ¶¶ 26–27.)  Pursuant to phased government reopening orders, Plaintiff was permitted to reopen its fitness center at 10 to 20 percent occupancy from September 30, 2020 to November 16, 2020.  (*Id.* ¶ 27.)  Since November 16, Plaintiff has been prohibited from operating its Richmond fitness center due to government closure orders.  (*Id.* ¶¶ 27, 29.)

---

[1]  This amended order will replace and supersede the Court's prior order granting Defendant's motion to dismiss.  (Dkt. 22.)  The prior order erroneously dismissed the entire action when Plaintiff's fourth claim for declaratory relief was not challenged in Defendant's motion to dismiss and remains pending before the Court.

[2]  "A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998).  Here, the Court may consider the Lease because its contents are alleged in Plaintiff's complaint and no party questions its authenticity.

Plaintiff alleges that it notified Defendant that its obligation to pay rent under the Lease was excused during government-mandated closures, but Defendant demanded that Plaintiff continue to pay rent as required by the Lease.  (*Id.* ¶ 48.)  Plaintiff paid rent for the months of March, October, and November when it was not permitted to operate at full capacity.  (*Id.* ¶¶ 49–52.)  As a result, Plaintiff seeks reimbursement for rent paid during those months in the amount of $180,417.52.  (*Id.* ¶ 53.)

## III.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. 544, 555 (2007).

//

### III.  DISCUSSION

Plaintiff alleges claims for (1) breach of contract, (2) money paid by mistake, (3) money had and received, and (4) declaratory relief.  Defendant moves to dismiss the first three claims.  Dismissal is warranted on these claims because Plaintiff fails to allege facts demonstrating that relief is plausible.

### A.    Breach of Contract

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).  Plaintiff alleges that Defendant breached the contract by (1) breaching certain representations, warranties, and covenants and (2) refusing to either abate Plaintiff's rent payments or reimburse Plaintiff for rent already paid.

The thrust of Plaintiff's breach of contract claims is that the lease provided Plaintiff with the right to operate its fitness center without interruption, and this right was violated when the government's COVID-19 closure orders forced Plaintiff to cease operations.  (Compl. ¶¶ 1–2, 24, 26–27, 29.)  But as another court in this district stated when dismissing similar claims brought by Plaintiff, the Lease does not "contain an obligation for [Defendant] to ensure that the government does not establish regulations prohibiting the operation of Plaintiff's business." *Store SPE LA Fitness 2013-7, LLC v. Fitness Int'l, LCC*, 2020 WL 8116171, at *4 (C.D. Cal. Dec. 9, 2020).  Plaintiff's claims fail as a result.

//

### 1.      Breach of Representations, Warranties, and Covenants

Plaintiff alleges that Defendant breached sections 1.9, 2.1, 2.2, and 22.1 of the Lease which Plaintiff claims create the following rights: "(a) Tenant shall have the right throughout the term of the Lease to use the Premises . . . and operate its business from the Premises, (b) Tenant shall have exclusive use and control of the Premises, (c) Tenant shall have and hold, throughout the entire term of the Lease, peaceful and quiet possession and enjoyment of the Premises, and (d) Tenant's use of the Premises shall be free and clear of any conditions or restrictions which might in any manner or to any extent prevent or adversely affect the use of the Premises by Tenant." (Compl. ¶ 63.) While Plaintiff does not cite to specific contractual language that has been violated, it contends that when read together, these provisions create the rights stated above. (Dkt. 17 [Opposition] at 3–4, 8–12.) Each allegation fails, however, because Plaintiff has not alleged facts demonstrating that Defendant breached any specific provision of the Lease.

Section 1.9 of the Lease states that the "Primary Uses" of the premises "shall be for the operation of a health club and fitness facility." (Lease § 1.9.) This provision does not impose any obligation on Defendant to ensure that the government does not prohibit the operation of Plaintiff's business. *See Fitness Int'l*, 2020 WL 8116171, at *4 (explaining that "[t]he most natural reading of [a similar] provision[] is [] not to place a requirement on the landlord to be bound by the actions of the government, but rather as a limitation on the types of businesses that the tenant[] is allowed to operate on the premises").

Section 2.1 simply explains that in exchange for rent paid by Plaintiff, Defendant "leases to [Plaintiff] and [Plaintiff] hereby leases from [Defendant] the Premises, upon and subject to the terms, conditions and provisions set forth in this Lease." (Lease § 2.1.)

Again, this provision does not impose any obligation on Defendant to ensure that the government does not prohibit the operation of Plaintiff's business.

Section 2.2(b) provides that "[Defendant] has and shall have good and insurable title to the Project and the Premises in fee simple." (*Id.* § 2.2(b).) It also provides that Defendant's "indemnity obligations and [Plaintiff's] self help rights . . . shall [] be applicable if," when the lease is signed, "the Premises is not free and clear of all tenancies, covenants, conditions, restrictions, liens, encumbrances and easements which might in any manner or to any extent prevent or adversely affect the use of the Premises by [Plaintiff] for the Primary Uses." (*Id.*) Plaintiff neither alleges that Defendant lacks good title to the premises nor that the premises were subject to any restrictions or conditions when the lease was signed.

Finally, both Sections 2.2(b) and 22.1 provide covenants of quiet enjoyment, which state that upon Plaintiff's performance of its obligations under the Lease, "[Plaintiff] shall quietly enjoy the Premises for the [term of the Lease] without hindrance or interruption by [Defendant] or any other person or persons lawfully or equitably claiming by, through or under [Defendant]." (Lease §§ 22.1, 2.2(b).) As the Lease makes clear, the covenant of quiet enjoyment protects the tenant against the Landlord's own acts and "does not extend to preventing closures of the tenant's business by the government." *Fitness Int'l*, 2020 WL 8116171, at *4. "As a general rule, the covenant of quiet enjoyment obligates the landlord to protect the tenant only against the landlord's own acts, anyone claiming under the landlord, or any person with a title superior to the landlord and not against the acts of strangers that disturb the tenant in the quiet enjoyment and possession of the rented premises." Implied conditions and covenants in leases—Quiet enjoyment, 15 Williston on Contracts § 48:10 (4th ed.). Accordingly, Plaintiff fails to allege facts indicating that Defendant breached any of its representations, warranties, or covenants.

### 2.    Failure to Abate Rent or Refund Rent Paid

Plaintiff also alleges that Defendant breached the Lease by refusing to either abate Plaintiff's rent payments or refund rent that Plaintiff paid in March, October, and November when it was not permitted to operate at full capacity.  Plaintiff's allegations are based on Lease provisions and California law.

#### a.    *Lease Provisions*

Plaintiff alleges that Defendant's refusal to abate or refund Plaintiff's rent payments breached sections 22.3, 15.4, and 16.1 of the Lease.  First, Plaintiff alleges that Defendant violated the Lease's force majeure clause in section 22.3.  This section provides that "[i]f either party is *delayed or hindered in or prevented from the performance of any act required hereunder* because of … restrictive laws, riots, insurrection, war, fire, inclement weather or other casualty . . . beyond the reasonable control of the party delayed, financial inability excepted (each, a "Force Majeure Event") … *performance of such act shall be excused* for the period of delay caused by the Force Majeure Event."  (Lease § 22.3 [emphasis added].)  This claim fails because the force majeure clause only excuses performance of acts required by the Lease.  It cannot form the basis for a standalone breach-of-contract cause of action.  *See* Force Majeure clauses, 30 Williston on Contracts § 77:31 (4th ed.) ("A claim of '*force majeure*' is equivalent to an affirmative defense.").  Consequently, Defendant did not breach the force majeure clause by declining to abate Plaintiff's rent or refusing to refund its payments already made.

Second, Plaintiff alleges that Defendant violated section 15.4 of the Lease, which states that "[f]ollowing any casualty to the Common Area" that materially interferes with Plaintiff's business, "[Plaintiff's] obligation for the payment of [rent] . . . shall be

equitably abated during such material interference." (*See* Lease § 15.4; Compl. ¶ 55.) But Plaintiff has not alleged that any "casualty to the Common Area" occurred. (Compl. ¶ 55.) Plaintiff has thus failed to allege facts indicating that Defendant violated this section of the Lease.

Third, Plaintiff alleges that Defendant violated section 16.1 of the Lease which applies when "all or any portion of the Premises is taken by right of eminent domain or condemnation by a competent governmental authority . . . (each, a "Taking")." (Lease § 16.1; Compl. ¶ 56.) But Plaintiff has failed to allege that a Taking occurred. Accordingly, Plaintiff has failed to allege facts indicating that Defendant breached a specific Lease provision by refusing to abate Plaintiff's rent payments or refund payments already made.

b.    *California Law*

Plaintiff also contends that California law supports its allegations that Defendant breached the Lease by refusing to abate Plaintiff's rent payments or refund payments already made. Specifically, Plaintiff relies on California Civil Code § 1511 and the doctrines of impossibility and frustration of purpose. These arguments fail, however, because § 1511, impossibility, and frustration of purpose are all defenses that excuse a party's failure to perform under a contract. *See 20th Century Lites, Inc. v. Goodman*, 64 Cal. App. 2d Supp. 938, 945 (1944) ("On the application of [the frustration-of-purpose] doctrine, the promisor is *discharged* from the duty of performing his promise . . . [and] such a frustration brings the contract to an end forthwith, without more and automatically."); *Oosten v. Hay Haulers Dairy Emp. & Helpers Union*, 45 Cal. 2d 784, 788 (1955) ("Impossibility of performance is a defense and the burden of proof in establishing it rests on defendant."); Cal. Civ. Code § 1511 ("The want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is

excused by the following causes . . . ."); *Hines v. Lukes*, 167 Cal. App. 4th 1174, 1185 (2008) ("[Section 1511] excuses the nonperformance" and the nonperformance "does not constitute a breach of contract and does not give rise to a remedy for breach of contract."). Accordingly, these sources of California law do not support Plaintiff's claims for breach of contract.

### B.       Money Paid by Mistake

Plaintiff also fails to plead facts demonstrating that relief is plausible on its claim for money paid by mistake. "As a general rule, equitable concepts of unjust enrichment dictate that when a payment is made based upon a mistake of fact, the payor is entitled to restitution unless the payee has, in reliance on the payment, materially changed its position." *Supervalu, Inc. v. Wexford Underwriting Managers, Inc.*, 175 Cal. App. 4th 64, 78 (2009); *see also First Sav. & Loan Assn. v. Bank of Am.*, 4 Cal. App. 3d 393, 395 (Ct. App. 1970) (noting that "recent California cases appear to be following the more modern doctrine that mistakes of law and fact should be treated alike"). "The governing principle is . . . that where equally innocent persons have dealt with one another under a mistake[,] the burden of loss resulting from the common error ordinarily will be left where the parties themselves have placed it, and so a recovery can only be had where in equity and good conscience the defendant should be called upon to refund." *Crocker-Woolworth Nat. Bank v. Nevada Bank*, 139 Cal. 564, 570–71 (1903). Plaintiff merely reasserts allegations that it was not required to pay rent under the Lease. (*See* Compl. ¶¶ 90–94.) Because Plaintiff does not allege that the parties dealt with one another under a mistake of fact or law, its claim fails.

//

//

## C.     Money Had and Received

Finally, Plaintiff fails to plead facts demonstrating that relief is plausible on its claim for money had and received.  "A cause of action for money had and received is stated if it is alleged [that] the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff."  *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (2013).  "The claim is viable wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter."  *Id.*

Money had and received is a "common count," which is "not a specific cause of action, [but] rather, . . . a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory."  *Id.* (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004)).  "When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable."  *McBride*, 123 Cal. App. 4th at 394 (citing *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997)).  Here, Plaintiff's claim for money had and received is based entirely on its claim for breach of contract.  (*See* Compl. ¶¶ 85, 87.)  Because Plaintiff fails to state a claim for breach of contract, its claim for money had and received fails as well.  *See McBride*, 123 Cal. App. 4th at 394.

//
//
//
//

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is **GRANTED**.  "Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Plaintiff to amend would be an exercise in futility."  *El Dorado Cmty. Serv. Ctr. v. Cty. of Los Angeles*, 2017 WL 6017297, at *3 (C.D. Cal. Jan. 3, 2017).  Plaintiff has failed to provide the Court with any facts or argument indicating that the Lease required Defendant to ensure that the government does not establish regulations prohibiting the operation of Plaintiff's business.  *See id.*  Accordingly, the Court concludes that leave to amend the complaint would be futile with respect to the dismissed claims and **DENIES** Plaintiff leave to amend these claims.  Plaintiff's fourth claim for declaratory relief remains pending before the Court.


DATED: February 25, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE